IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID EARL WATTLETON,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION FILE
NO. 1:20-CV-3450-TWT

### OPINION AND ORDER

This is a *pro se* action seeking an income tax refund. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 40]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 40] is GRANTED.

### I.   Background

The Plaintiff, David Earl Wattleton, was indicted in May 1999 for making bomb threats. (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., at 4 ¶ 1.)[1] He was found not guilty by reason of insanity, and since that time, he has been

---

[1] The Defendant has included its Statement of Undisputed Material Facts within its supporting brief. Local Rule 56.1(B)(1) makes clear that this Statement should be "separate" from the motion and the brief. However, given its compliance with all other Rules and the lack of opposition from the Plaintiff, this Court will deem each fact admitted. N.D. Ga. Local R. 56.1(B)(2)(a)(2); *see also* N.D. Ga. Local R. 7.1(F) (granting the Court discretion in managing noncompliant motions and briefs).

T:\ORDERS\20\Wattleton\20cv3450\msjtwt.docx

in the Attorney General's custody most recently at the Federal Medical Center in Rochester, Minnesota. (*Id.*) In May 2019, the Plaintiff sent a letter to the Internal Revenue Service ("IRS") seeking a tax refund for overpayments he allegedly made between 1993 and 1999. (*Id.* at 4 ¶ 3.) In support of his claim, the Plaintiff stated that he "was financially disabled" between 1993 and 1999 and that proof of that disability "can and will be submitted to the IRS as required by 28 U.S.C. § 6511." (Def.'s Mot. for Summ. J., Ex. B.) The IRS has articulated multiple defects with the Plaintiff's claim: the Plaintiff failed to attach to his letter a physician's statement indicating he did not have the ability to manage his finances; he did not attach documentation that no one else was authorized to manage his finances; he did not timely file a refund claim for the year 1993–1999; and he did not file a tax refund in 1996 or 1999. (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., at 4–5 ¶¶ 5–8.) After receiving this denial, the Plaintiff filed suit in the United States District Court of the District of Columbia, seeking to enjoin then-Secretary Steven Mnuchin and the United States to provide his claimed refund. (Compl. at 1.) After motion practice, the D.C. District Court dismissed the Plaintiff's claims against then-Secretary Mnuchin, and the remaining claims were transferred to this Court. (July 30, 2020 Order, at 1.)

## II.   Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of

2

material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.   Discussion

In its Motion for Summary Judgment, the Defendant makes two broad arguments. First, the Defendant argues this Court lacks jurisdiction over the matter, as the Plaintiff has failed to "present a complete claim to the IRS." (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., at 5.) Without a timely and complete claim, the Defendant argues that the Plaintiff has failed to show a waiver of sovereign immunity. (*Id.*) Second, assuming this Court has jurisdiction, the Defendant argues that regardless of whether the Plaintiff has a genuine financial disability, that finding would only toll the claim deadline, not provide a substantive basis for the claim. (*Id.* at 6.) In response, the Plaintiff claims that his letters claiming a refund included "an inadequate formal but satisfactorily informal statement by a physician, . . . and any failure on the part of plaintiff to submit a statement made by a physician that strictly

complies with [the relevant Revenue Procedure subsections] is a mere technical deficiency and not a fatal error." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 3.) Because the Plaintiff has failed to comply with the relevant laws and regulations that would allow him to toll the statute of limitations, his claim is untimely and this Court lacks jurisdiction over the matter.

Under federal law, a taxpayer seeking a refund for tax overpayments must file the claim "within 3 years from the time the return was filed or 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). However, these deadlines are tolled if the taxpayer is "financially disabled," or "unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 26 U.S.C. §§ 6511(h)(1)–(2). However, the statute notes that taxpayers "shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A). This "form and manner" is specified by Revenue Procedure 99-21, which details the two statements that "are to be submitted with a claim for credit of refund of tax to claim financial disability for purposes of § 6511(h)." Rev. Proc. 99-21 § 4. The first statement must be prepared by a physician, and the physician must set forth:

> (a) the name and a description of the taxpayer's physical or mental impairment;
> (b) the physician's medical opinion that the physical or mental

4

>
> impairment prevented the taxpayer from managing the taxpayer's financial affairs;
> (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
> (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
> (e) the following certification, signed by the physician:
> I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

Rev. Proc. 99-21 § 4(1). The second statement must be written by the taxpayer seeking the refund, and it must state that "that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters" during the relevant time period. Rev. Proc. 99-21 § (4)(2).

The Plaintiff's failure to submit this documentation alongside his refund claim is no "mere technical deficiency," as the Plaintiff claims. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 3.) Federal law prohibits civil suits seeking refunds for overpayments "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). "If the requirements of § 7422(a) are not met, a court has no subject matter jurisdiction to hear the claim for refund." *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1264 (11th Cir. 2006). Here, the requirements of § 7422(a) are not met, and the Court is therefore without jurisdiction to hear the Plaintiff's claims. Section 7422(a) requires compliance with the relevant

laws and regulations before the Court may hear the merits of the dispute. The regulations required the Plaintiff to submit the two statements described in Revenue Procedure 99-21 alongside his claim for a refund. *See* Rev. Proc. 99-21 § 4 ("Unless otherwise provided in IRS forms and instructions, the following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h)."). Because the Plaintiff's refund claim was not "duly filed with the Secretary, according to the . . . regulations of the Secretary," the Court has no authority to hear the Plaintiff's claims.

To circumvent this requirement, the Plaintiff argues that this Court should apply the "informal claim doctrine." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 3–5.) In support of this argument, the Plaintiff claims that he submitted a Mental Health Evaluation from the Bureau of Prisons alongside his claim. (*Id.* at 3.) As such, he argues his substantial compliance contains "easily corrected" "technical deficiencies," and that such documentation allows a tolling of the statute of limitations. (*Id.* at 3.) However, the Plaintiff misunderstands the application of the informal claim doctrine. The doctrine permits "a timely claim with purely formal defects . . . if it fairly apprises the IRS of the basis for the claim within the limitations period." *Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed. Cir. 2006). Crucially, the doctrine applies to claims where "formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period." *United States v. Kales*, 314 U.S. 186, 194 (1941). Thus, a condition precedent

6

of the informal claim doctrine is the timely filing of a claim with the IRS containing defects that can be cured with untimely amendments. A contrary finding would substantially weaken the tolling requirements of § 6511(h), its accompanying regulations, and the statute of limitations itself. Without an initial timely filing, a taxpayer cannot seek shelter underneath the informal claim doctrine, and the Plaintiff's argument fails.

The Plaintiff cannot overcome his failure to comply with the relevant requirements to toll the statute of limitations. As such, the result is the same regardless of whether § 6511(a)'s two-year or three-year statute of limitations applies: the Plaintiff's claims are time-barred. *See* 26 U.S.C. § 6511(a). Because the Plaintiff's refund claim is untimely, this Court lacks jurisdiction here, and the Court grants the Defendant summary judgment in this matter.

### IV.   Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 40] is GRANTED.

SO ORDERED, this 8 day of February, 2021.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge